Eastern District of Kentucky
FILED
NOV 07 2018
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

JIMMIE D. ALEXANDER,

    Plaintiff,

v.

SHAWN CARMIN, et al.,

    Defendants.

Case No. 0:18-cv-00100-HRW

**MEMORANDUM OPINION
AND ORDER**

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Jimmie D. Alexander is an inmate confined at the Kentucky State Reformatory in Eddyville, Kentucky. Proceeding without an attorney, Alexander has filed a civil rights complaint against prison officials under 42 U.S.C. § 1983. [R. 1.] By separate order, the Court granted Alexander pauper status in this proceeding. [R. 9.] Accordingly, the Court now conducts a preliminary review of Alexander's complaint. *See* 28 U.S.C. §§ 1915(e)(2), 1915A.

Upon this initial review, the Court must dismiss any claim that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court affords Alexander's complaint a forgiving construction, accepting as true all non-conclusory factual allegations and

-1-

liberally construing the legal claims in his favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

Alexander's claims arise from his incarceration at two different facilities—the Kentucky State Reformatory ("KSR") in Eddyville, Kentucky, and the Little Sandy Correctional Complex ("Little Sandy") in Sandy Hook, Kentucky. [R. 1.] Alexander alleges he was sexually assaulted by four different individuals at KSR and by one individual at Little Sandy. [*Id.*] In addition to his allegations of sexual assault, Alexander also mentions "theft of inmate property" and "refusal of medication and medical treatment" as grounds for relief in his complaint. [*Id.* at 4.]

As a preliminary matter, the Court notes that Alexander has improperly joined the KSR claims and Little Sandy claims in the same action. The joinder of multiple claims against multiple defendants is governed by Federal Rule of Civil Procedure 20(a), which states:

> (2) Persons ... may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Thus, under the plain language of Rule 20(a)(2), joinder is appropriate only if both requirements are met: (1) the plaintiff's claims arise from

2

the "same transaction, occurrence, or series of transactions or occurrences;" ***and*** (2) "any question of law or fact common to all defendants will arise in the action." *Id.*

The allegations in Alexander's complaint set forth claims of unconstitutional treatment against the KSR defendants arising from Alexander's confinement at that facility, as well as a separate claim of unconstitutional treatment against a Correctional Officer at Little Sandy. These claims do not arise out of the same transaction, occurrence, or series of transactions or occurrences. Although the claims are based on the same legal theory—namely, that Alexander has been sexually assaulted in violation of his Eighth Amendment right to be free from cruel and unusual punishment—they are still separate and independent claims. *See Murriel-Don Coal Co. v. Aspen Ins. UK Ltd.*, 790 F. Supp. 2d 590, 600 (E.D. Ky. 2011) ("[T]he test for joinder is not whether claims arise from the same source of law."). The two facilities are separate facilities with separate staff and procedures. Moreover, whether or not Alexander was sexually assaulted by KSR officials has no relevance as to whether or not he was also assaulted at Little Sandy, as Alexander has not claimed the institutions were operating pursuant to a shared policy or custom or that the two institutions were otherwise acting in concert. Accordingly, Alexander's KSR and Little Sandy claims are not properly joined. *See, e.g., George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . . .").

3

Where, as here, a plaintiff's claims are improperly joined, Federal Rule of Civil Procedure 21 gives the Court broad discretion to sever the unrelated claims. *See* Fed. R. Civ. P. 21; *Proctor v. Applegate*, 661 F. Supp. 2d 743, 7801 (E.D. Mich. 2009). Severing Alexander's action into two separate actions, though, is not appropriate, because Alexander's KSR claims are not properly filed in this district in the first instance. A plaintiff must file a civil rights action in a district where one defendant resides if all defendants reside in the same state, or in a district where a substantial part of the relevant events occurred. 28 U.S.C. § 1391(b). While the Little Sandy claim was properly filed in the Eastern District of Kentucky, the events giving rise to the KSR claims occurred in Lyon County, Kentucky, which is located in the Paducah division of the Western District of Kentucky. *See* 28 U.S.C. § 97(b); Local Rule 3.1(b)(4).

When a lawsuit is filed in the wrong district, the Court may either dismiss the case or transfer it to the proper district. 28 U.S.C. § 1406(a). Typically, in the interests of justice and for the convenience of the parties and witnesses, the Court would simply transfer the action to the proper district for further review. However, "the plain language of [28 U.S.C. § 1404(a)] authorizes only the transfer of an entire action, not the transfer of individual claims within an action." *In re Brand-Name Prescription Drugs Antitrust Litig.*, 264 F. Supp. 2d 1372, 1377 (J.P.M.L. 2003)(citations omitted). Thus, "[a] court acting under section 1404(a) may not

4

transfer part of a case while maintaining jurisdiction over another part." *Id. See also Coast to Coast Health Care Services, Inc. v. Meyerhoffer*, No. 2:10-CV-734, 2012 WL 169963, at *7 (S.D. Ohio Jan. 19, 2012) ("This Court does not have the authority or ability to parse or bifurcate this action, transferring some, but not all, of the case to [a different judicial district].")

Here, Alexander's Little Sandy claim arose in this judicial district, and the Court retains jurisdiction over that claim. But the Court's only choice with respect to the KSR claims is to dismiss those claims without prejudice. If Alexander wishes to pursue those claims, he may do so in the Paducah Division of the Western District of Kentucky.[1]

Finally, then, the Court turns to Alexander's claims arising from events that occurred at Little Sandy against the only named Little Sandy defendant, Correctional Officer Alexander Ledford. Although Alexander mentions theft and medical treatment as causes of action, he states no facts about those claims anywhere else in his complaint and he certainly does not describe any theft or inadequate medical care at Little Sandy. [*See* R. 1.] Therefore, to the extent Alexander wished to bring those claims against Little Sandy Correctional Officer Ledford, they will be dismissed for failure to state a claim upon which relief may be granted. However, the Court finds

---

[1] In fact, the Court notes that Alexander has already filed an action very similar to this one in the Western District of Kentucky. *See Alexander v. Carmin*, et al., 3:18-cv-00615-CRS (Sept. 14, 2018).

5

that Alexander's claim for a violation of his constitutional rights stemming from the alleged sexual assault warrants a response from Officer Ledford. Because Alexander is proceeding *in forma pauperis*, the United States Marshals Service ("USMS") will serve the summons and complaint on Alexander's behalf. See Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).

Accordingly, it is hereby **ORDERED** as follows:

1. Alexander's claims against KSR Lieutenant Shawn Carmin, KSR Correctional Officer Paul Coppage, KSR Correctional Officer Linda Cook, and KSR Warden Deedra Hart are **DISMISSED WITHOUT PREJUDICE** and those four officials are **DISMISSED AS PARTIES** to this action.

2. Alexander's claims for theft and inadequate medical care against Defendant Alexander Ledford are **DISMISSED** for failure to state a claim upon which relief may be granted.

3. The Deputy Clerk shall prepare one "Service Packet" for service upon Defendant Correctional Officer Alexander Ledford. Each Service Packet shall include:

   a. a completed summons form;

   b. the complaint [R. 1];

   c. this Order; and

   d. a completed USM Form 285.

4. The Deputy Clerk shall send the Service Packet to the USMS in Lexington, Kentucky, and note the date of delivery in the docket.

5. The USMS shall personally serve a Service Packet upon Defendant Correctional Officer Alexander Ledford at the Little Sandy Correctional Complex, 505 Prison Connector, Sandy Hook, Kentucky, 41171.

6. Alexander must immediately advise the Clerk's Office of any change in his current mailing address. **Failure to do so may result in dismissal of this case.**

7. If Alexander wishes to seek relief from the Court, he must do so by filing a formal motion sent to the Clerk's Office. Every motion Alexander files must include a written certification that he has mailed a copy of the motion to the Defendant or his counsel and state the date of mailing. **The Court may disregard letters sent directly to the judge's chambers or motions lacking a certificate of service.**

This the 7 day of November, 2018.



Signed By:
*Henry R. Wilholt, Jr.*
United States District Judge