UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | | |
|---|---|---|
| JIMMIE D. ALEXANDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 0:18-CV-100-HRW-HAI |
| v. | ) | |
| | ) | |
| ALECZANDER LEADFORD, | ) | RECOMMENDED DISPOSITION |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

In September 2018, the Clerk of Court docketed a complaint by *pro se* Plaintiff Jimmie D. Alexander alleging sexual assault, "theft of inmate property," and "refusal of medication and medical treatment" arising from his incarceration at two facilities – the Kentucky State Reformatory ("KSR") and the Little Sandy Correctional Complex ("Little Sandy"). D.E. 1. On November 7, 2018, District Judge Wilhoit dismissed the claims arising from Plaintiff's time at the KSR for impermissible joinder and lack of jurisdiction. D.E. 10. District Judge Wilhoit also dismissed the claims of "theft of inmate property" and "refusal of medication and medical treatment" for failure to state a claim upon which relief may be granted. *Id*. The only claim remaining is Plaintiff's Eighth Amendment claim stemming from an alleged sexual assault by Defendant Aleczander Leadford while Plaintiff was incarcerated at Little Sandy.

The matter was referred to the undersigned on January 10, 2019, "to conduct all further pretrial proceedings, including preparing a proposed finding of fact and recommendations on dispositive motions." D.E. 15. The undersigned entered a scheduling order that governed discovery and the briefing of dispositive motions. D.E. 17. Two extensions for the filing of

dispositive motions were granted on June 13, 2019, and August 9, 2019. *See* D.E. 20; 22. On August 19, 2019, Defendant filed a timely motion for summary judgment. D.E. 23. Plaintiff failed to respond within the time set by the amended scheduling order at Docket Entry 22. For the following reasons, the Court **RECOMMENDS** that Defendant's motion (D.E. 23) be **GRANTED**.

### I. Alexander's Failure to Respond to Defendant's Motion

Where a party "fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion." *Scott v. Tennessee*, 878 F.2d 382, 1989 WL 72470, at *2 (6th Cir. 1989) (unpublished table decision); *see also Humphrey v. U.S. Attorney General's Office*, 279 F. App'x 328, 331 (6th Cir. 2008) (finding that plaintiff's failure to oppose arguments raised in the defendants' motion to dismiss is grounds for the district court to assume that opposition to the motion is waived). Joint Local Civil Rule 7.1(c) also provides that a failure to file a response in accordance with a court's scheduling order may be grounds for granting a motion for summary judgment.

Here, Plaintiff has filed no timely response nor a request for an extension of time. *See* D.E. 17; 20. For this reason, the Court views the motion as unopposed and will recommend that the motion be granted.

However, in granting a motion that will dispose of a claim, courts should make certain that a moving party has satisfied its burden under the Federal Rules. "[A] district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden." *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). The Court will therefore briefly address the merits of Plaintiff's claim.

## II. Alexander's Sexual Assault Claim

Although Defendant is entitled to summary judgment because of Plaintiff's failure to timely respond to his motion, the Court will briefly address Plaintiff's claim on the merits brought pursuant to 42 U.S.C. § 1983. Plaintiff's factual basis for his claim of sexual assault is as follows:

> during my shower on C-111 of Seg at (LSCC) on Feb. 12, 2018, Aleczander Ledford proceeded to place his crotch up against my hands while I was handcuffed in the shower with my back to him. I was in shower 7 of Seg at (LSCC). This can be viewed on camera also on the p.m. shift w/ Lieutenant Joseph Howard present.

D.E. 1. The above paragraph is the only support Plaintiff has given the Court for the consideration of his claim. While the complaint does not specifically identify the legal theory that Plaintiff is proceeding under, District Judge Wilhoit determined that Plaintiff was alleging he was sexually assaulted in violation of his Eighth Amendment right to be free from cruel and unusual punishment. *See* D.E. 1; 10.

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper if "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See, e.g. Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Parties moving for summary judgment are not required to put forth affirmative evidence to negate the existence of elements required by the non-moving party's claim. *Id*. at 324. It is sufficient for a moving party to merely state that there is an absence of evidence supporting the non-moving party's claim. *Id*. Once this is done, it then becomes the responsibility of the non-moving party to provide evidence which establishes an actual issue for trial. *See Employers Ins. Of Wausau v. Petroleum Specialties, Inc.*, 69 F.3d 98, 102 (6th Cir. 1995). The Court must grant summary judgment if the evidence would not support a jury verdict for the responding party with respect to at least one essential element of his claim. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

Here, even accepting as true all of Plaintiff's factual allegations, his claim fails as a matter of law due to its failure to rise to the level of an Eighth Amendment violation.

"The unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (quoting *Ingramham v. Wright*, 430 U.S. 651, 670 (1977)). The Eighth Amendment's prohibition against cruel and unusual punishments "necessarily excludes . . . de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Reist v. Orr*, 67 F.3d 300 (6th Cir. 1995) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Hursey v. Anderson*, No. 16-1146, 2017 WL 3528206, at *4 (6th Cir. Mar. 31, 2017) (quoting *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987)). On one hand, "Sexual abuse of a prisoner by a corrections officer may in some circumstances violate the prisoner's right to be free from cruel and unusual punishment." *Hursey*, 2017 WL 3528206, at *4 (quoting *Jackson v. Madery*, 158 F. App'x 656, 662 (6th Cir. 2005)). More specifically, "severe or repetitive sexual abuse of an inmate" by an officer can be sufficiently serious to violate the Eighth Amendment. *Jackson*, 158 F. App'x at 662 (quoting *Boddie v. Schnieder*, 105 F.3d 857, 861 (2d Cir. 1997)). On the other hand, "isolated episodes of harassment and touching," though "despicable," do not generally rise to the level of a constitutional violation. *Boddie*, 105 F.3d at 861.

As in the cases just cited, the incident at issue here was "isolated, brief, and not severe," and thus fails to invoke the Eighth Amendment. *Hursey*, 2017 WL 3528206, at *4 (quoting *Jackson*, 158 F. App'x at 662). Regarding the incident, Plaintiff alleges that Defendant Leadford placed "his crotch up against my hands." D.E. 1. Further, Plaintiff does not allege any level of

4

pain endured due to the alleged conduct. *Id*. Even accepting Plaintiff's allegation as true, the conduct is more akin to a "minor, isolated incident of touching," which the Sixth Circuit has held is insufficient to rise to the level of an Eighth Amendment claim. *See Jackson v. Madery*, 158 F. App'x 656, 662 (6th Cir. 2005)); *Hursey v. Anderson*, No. 16-1146, 2017 WL 3528206 (6th Cir. Mar. 31, 2017); *Solomon v. Mich. Dept. of Corrections*, 478 F. App'x 318, 320 (6th Cir. 2012) (holding that that a corrections officer's alleged groping of an inmate's penis did not rise to an Eighth Amendment violation).

### III.  Conclusion

The undersigned **RECOMMENDS** that Defendant's motion for summary judgment (D.E. 23) be **GRANTED**.  The Court directs the parties to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute.  Within **fourteen days** after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court.  Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 8th day of October, 2019.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge